IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED SATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. 1:11-CR-557-AT |
| HAMZA BENDELLADJ | : | |
| Defendant. | : | |

# **ORDER**

Magistrate Judge Alan Baverman's Final Report and Recommendation ("R&R") (Doc. 113) is currently before the Court. The R&R recommends the denial of Defendant's Motion to Suppress Evidence [Doc. 108] and Motion to Dismiss the indictment (Doc. 109). Defendant Bendelladj has filed objections to the Magistrate Judge's recommendations and analysis with respect to both motions (Doc. 118).

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis. Accordingly, the Court has reviewed the Defendant's motions on a *de novo* basis as Defendant's objections go to the essence of the Magistrate Judge's evidentiary and legal analysis.

### 1.  Defendant's Motion to Dismiss [Doc. 109]

The Defendant recognizes that *United States v. Snipes*, 611 F.3d 855, 865-67 (11th Cir. 2010) is binding authority on this Court.  *Snipes* precludes a district court from addressing in pretrial proceedings whether a proper factual foundation exists to establish venue. Instead, venue is an essential evidentiary element of the prosecution's case that must be presented as part of the case's presentation on the merits to the jury for determination.[1] *Id.* at 867.  Nevertheless, the Defendant contends that the Court should examine through pretrial proceedings whether the Government has established a sufficient factual predicate for filing this indictment in the Northern District of Georgia.  While the Defendant makes a worthwhile point regarding the waste of judicial resources that may result from deferral of the venue question, the rule of *Snipes* is clearly applicable, and the Magistrate Judge's legal analysis is correct.  Accordingly, the Court denies Defendant's Motion to Dismiss.

### 2.  Defendant's Motion to Suppress  [Doc. 108]

Defendant re-asserts in his objections many of the same the grounds supporting his original motion.  In addition, he attempts to cure the standing defect that the Magistrate Judge identified by filing his own affidavit.

---

[1]  The Defendant here does not dispute that the superseding indictment's statement of facts pertaining to venue, if proven, would be sufficient to establish venue.

Defendant's affidavit states that he was the registered owner and manager of the referenced domain name at issue here. (Doc. 118 at 2, Doc. 118-1.) Even if Defendant's affidavit now cures the ownership or "interest" part of the standing defect discussed by the R&R (Doc. 113 at 15-16) and if the Court were to adopt the Defendant's plausible contention in his objections that Plaintiff possessed a reasonable expectation of privacy, the Court still agrees with the Magistrate Judge's analysis that the warrant here was supported by probable cause.  The R&R provides a legally correct analysis of the evidence presented in support of the warrant and properly concludes that the evidence was sufficient in both content and reliability to support the issuance of the search warrant.  Of course, the evidence presented by the affiant law enforcement officer may not hold up at a trial on the merits in showing Defendant's engagement in the offense charged.  But that is a question for another day.

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R [Doc. 113] and **DENIES** Defendant's Motion to Dismiss the indictment [Doc. 109] and Motion to Suppress [Doc. 108].

It is so **ORDERED** this the 10th day of June, 2015.

_____
Amy Totenberg
United States District Judge