**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **HAMZA BENDELLADJ,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 64661-019,** | : | **28 U.S.C. § 2255** |
|     **Movant,** | : | |
| | : | **CRIMINAL ACTION NO.** |
|     **v.** | : | **1:11-CR-557-AT-AJB-2** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
|     **Respondent.** | : | **1:18-CV-5686-AT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

Movant, Hamza Bendelladj, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  [Doc. 231.][1] The Government filed a response in opposition, [Doc. 234], and Movant filed a reply, [Doc. 240].   For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **GRANTED**.

## I.    <u>28 U.S.C. § 2255 Standard</u>

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of

---

[1]    Citations to the record in this Final Report and Recommendation refer to case number 1:11-cr-557-AT-AJB-2.

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255(a).  "[C]ollateral review is not a substitute for a direct appeal . . . ."  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).  A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence."  *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]).

## II.  Discussion

On June 26, 2015, Movant pleaded guilty to (1) conspiracy to commit wire and bank fraud, (2) wire fraud, (3) conspiracy to commit computer fraud and abuse, and (4) computer fraud and abuse.  [*See* Docs. 35, 136.]  On April 25, 2016, the

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

District Court filed the Judgment and Commitment, sentencing Movant to 180 months of imprisonment, followed by five years of supervised release. [Doc. 192.] The United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Bendelladj*, 710 Fed. Appx. 384 (11th Cir. Oct. 2, 2017) (per curiam). [Doc. 227.] Movant timely filed his § 2255 motion on December 11, 2018. [Doc. 231 at 1.] Movant claims that trial counsel provided ineffective assistance by failing to object to a sentence enhancement. [*Id.* at 4; Doc. 231-1 at 2.]

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

Movant claims that trial counsel provided ineffective assistance by failing to object when Movant received the following sentence enhancement:  "If the offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property, increase by [two] levels."  U.S.S.G. § 2B1.1(b)(4).  [Doc. 231 at 4; Doc. 231-1 at 2.]  "[T]his Specific Offense Characteristic was meant to apply only to those defendants who sell goods stolen by others, meaning those who act as a 'fence,' and not to the actual thieves." *United States v. Bradley*, 644 F.3d 1213, 1287 (11th Cir. 2011) (citing *United States v. Saunders*, 318 F.3d 1257, 1267 (11th Cir. 2003) (stating that "the [Sentencing] Commission must have intended that only fences, who by definition are not thieves themselves, receive the enhancement")).

Movant argues that he was a thief but not a fence.  [Doc. 231-1 at 7-12.]  The Government explains that Movant used and sold a computer program designed to steal personal identity and financial information.  [Doc. 234 at 3-5.]  Movant stole credit card information for tens of thousands of people and sold that information

4

through a website.  [*Id.* at 5, 7-8.]  The undersigned concludes that Movant was a

thief but did not act as a fence.  The Government fails to show that Movant sold

any information that was stolen by others.  [*Id.* at 11-16.][3]  Therefore, § 2B1.1(b)(4)

does not apply to Movant.

Because the Eleventh Circuit explained the proper application of

§ 2B1.1(b)(4) in *Bradley*, trial counsel's failure to object to the enhancement cannot

constitute reasonable strategy.  Without the enhancement, there is a reasonable

probability that Movant would have received a lower sentence.[4]  Therefore, trial

counsel performed deficiently, and Movant was prejudiced.  Accordingly, the

§ 2255 motion should be granted, and Movant should be resentenced without a

§ 2B1.1(b)(4) enhancement.

### III.  Conclusion

For the reasons stated above,

─────────────────────

[3]      Because the Government fails to cite any evidence indicating that Movant acted as a fence, the undersigned determines that an evidentiary hearing is not warranted.  *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

[4]      Movant's total offense level was 36, his criminal history category was I, and his guidelines range was 188 to 235 months of imprisonment.  [Doc. 231-1 at 13.]  Without the enhancement, his total offense level would have been 34, and his guidelines range would have been 151 to 188 months of imprisonment.  [*Id.*]

**IT IS RECOMMENDED** that (1) the § 2255 motion, [Doc. 231], be **GRANTED**, (2) civil action number 1:18-cv-5686-AT-AJB be **CLOSED**, (3) the criminal judgment in case number 1:11-cr-557-AT-AJB-2 be **VACATED**, and (4) Movant be **RESENTENCED** without a § 2B1.1(b)(4) enhancement.[5]

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 20th day of November, 2019.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[5]     The undersigned does not address a certificate of appealability because it "is not required when . . . the United States or its representative appeals." Fed. R. App. P. 22(b)(3).