# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| HAMZA BENDELLADJ, | : | |
|     Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:11-CR-557-AT |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:18-CV-5686-AT |
|     Respondent. | : | |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant 28 U.S.C. § 2255 motion to vacate be granted. [Doc. 242]. The Government has filed its objections in response to the R&R. [Doc. 246].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

On October 12, 2017, Movant entered a plea of guilty in this Court to (1) conspiracy to commit wire and bank fraud, (2) wire fraud, (3) conspiracy to commit computer fraud and abuse, and (4) computer fraud and abuse. [Docs. 35, 136]. The charges against Movant were related to his participation in a scheme to use malicious software to steal confidential personal and financial information. This Court imposed a sentence of 180 months. [Doc. 192]. After the Eleventh Circuit affirmed, United States v. Bendelladj, 710 Fed. Appx. 384 (11th Cir. 2017), Plaintiff filed his § 2255 motion, [Doc. 231], in which he claims that his trial counsel provided ineffective assistance by failing to object to this Court's imposition of a sentencing enhancement under U.S.S.G. § 2B1.1(b)(4).

Under U.S.S.G. § 2B1.1(b)(4), a two-level enhancement applies if the offense involved receiving stolen property and the defendant was a person in the business of receiving and selling stolen property. "[T]his Specific Offense Characteristic was meant to apply only to those defendants who sell goods stolen by others, meaning those who act as a 'fence,' and not to the actual thieves." United States v. Bradley, 644 F.3d 1213, 1287 (11th Cir. 2011). Movant argues, and the Government's summary of evidence detailed at the plea hearing demonstrates, [Doc. 155 at 14-20], that he was a thief but not a fence, and that his trial counsel should have objected on that basis.

Movant raised the substantive claim regarding the § 2B1.1(b)(4) enhancement in his appeal, and the Eleventh Circuit found the claim unavailing as follows:

> A two-level enhancement applies if the offense involved receiving stolen property and the defendant was a person in the business of receiving

> and selling stolen property. U.S.S.G. § 2B1.1(b)(4). Here, however, the invited-error doctrine precludes review of whether § 2B1.1(b)(4) applies to [Movant]'s conduct.
>
> The doctrine of invited error is implicated when a party induces or invites the district court into making the error. United States v. Cobb, 842 F.3d 1213, 1222 (11th Cir. 2016). Where invited error exists, it precludes a court from invoking the plain-error rule and reversing. Id. By explicitly telling the District Court that the only Guidelines issue that needed to be resolved was the loss amount, [Movant] invited any error the District Court made in applying the enhancement. Accordingly, rather than review for plain error, we do not address the applicability of the enhancement on appeal.

Bendelladj, 710 F. App'x at 385-86.

The Magistrate Judge found that Movant was a thief but did not act as a fence and thus concluded that Movant's guideline range should not have been enhanced under § 2B1.1(b)(4). Because the enhancement should not have been applied, and trial counsel failed to so argue — indeed, had invited the error according to the Eleventh Circuit — the Magistrate Judge concluded that trial counsel had been ineffective in light of the fact that the Eleventh Circuit had explained the proper application of § 2B1.1(b)(4) in Bradley. The Magistrate Judge next concluded that Movant had been prejudiced because, as calculated by this Court, with the § 2B1.1(b)(4) enhancement, Movant's total offense level was 36, his criminal history category was I, and his guidelines range was 188 to 235 months of imprisonment. [Doc. 231-1 at 13]. Without the enhancement, his total offense level would have been 34, and his guidelines range would have been 151 to 188 months of imprisonment. The Magistrate Judge thus recommended that the § 2255 motion be granted, that the

3

AO 72A
(Rev.8/82)

criminal judgment vacated, and that Movant be resentenced without the enhancement.

In its one-and-a-half page objection, the Government's argument, in its entirety, is as follows:

> The question here is not whether § 2B1.1(b)(4) applies, but whether the failure to object to the application of that section constituted ineffective assistance of counsel. In United States v. Bradley, 644 F.3d 1213, 1287 (11th Cir. 2011), the Eleventh Circuit considered if a defendant was the "operative actor" in determining whether a defendant is a "fence" or a "thief." Bradley, however, left open the question of who is to be considered an "operative actor." The absence of controlling authority regarding who the "operative actor" is in the context of malware-initiated theft militates against the conclusion that counsel was ineffective for failing to object to the § 2B1.1(b)(4) enhancement.
>
> Here, the underlying crime is distinguishable from that in Bradley. Moreover, unlike the defendant in Bradley, who merely resold materials procured through fraud, Movant operated a criminal credit card service designed to facilitate additional crime. Further, Movant has not shown that he stole all of the credit card data found on his computer. The ambiguity set forth in Bradley regarding § 2B1.1(b)(4) is sufficient to relieve counsel from a claim of ineffective assistance.

[Doc. 246 at 1-2].

The Government's objections are unavailing. The fact that the Eleventh Circuit may have "left open the question of who the 'operative actor' is in the context of malware-initiated theft" fails to convince this Court that counsel was not deficient. The holding in Bradley clearly applies to establish that this Court's application of the sentencing enhancement was improper because there appears to be no evidence in the record that Movant acted as a fence, see also United States v. Torres, 651 F. App'x 955, 957 (11th Cir. 2016) ("It is settled 'that a thief who sells goods that he himself has

4

stolen is not in the business of receiving and selling stolen property.'") (quoting United States v. Saunders, 318 F.3d 1257, 1263 n.7 (11th Cir. 2003)), and reasonable counsel would have objected.

Moreover, the Government had the burden of demonstrating that the enhancement applies, and it did not demonstrate during the sentencing hearing that Movant acted as a fence. Accordingly, the fact that Movant has not shown that he did not steal all of the credit card information on his computer is of no consequence. Further, the Court notes that the Government's objection here points to no specific evidence in the lengthy multi-day sentencing hearing in this case that it relies upon to establish that Defendant acted as a fence.[1] And the PSR's imposition of an aggravating factor was solely based on Defendant's "stealing." Indeed, the entire thrust of the Government's case was that Defendant was a master software manipulator and thief. The Court has re-familiarized itself with the record in this case and agrees with the Magistrate Judge's legal analysis. Accordingly, the Court concludes that it is highly improbable that the Government can now establish that Defendant proceeded as a fence. Nevertheless, in consideration of the Government's objection, the Court will not preclude the Government from making its pitch at the Court's re-sentencing of the Movant if the parties cannot agree to an adjusted sentence.

---

[1] The Government already presented extensive witness and documentary evidence in connection with Defendant's multi-day evidentiary sentencing hearing relating to the scope of Movant's activities.

5

AO 72A
(Rev.8/82)

For the reasons stated, the R&R, [Doc. 242], is **ADOPTED AS MODIFIED** above, and Movant's § 2255 motion, [Doc. 231], is **GRANTED IN PART**. The Clerk is **DIRECTED** to resubmit this matter to the Magistrate Judge for appointment of counsel. Once counsel has been appointed, Counsel for Movant and the Government are **DIRECTED** to confer to determine whether a sentencing hearing is necessary or whether alternatively, the parties can agree upon a reduced sentence via removal of the months added to the sentence associated with the aggravating factor under § 2B1.1 (b)(4) or other terms. If the parties concur on the terms of a new sentence, the Court would impose such, after review, by vacating the prior judgment and issuing an amended judgment. Otherwise, the Court will proceed with a re-sentencing hearing. The parties are **DIRECTED** to report back to this Court by March 9, 2020.

**IT IS SO ORDERED**, this 4th day of February, 2020.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

AO 72A
(Rev.8/82)